206 Ga. 667 (1950)
58 S.E.2d 428
WESTBROOK et al.
v.
UNIVERSITY OF GEORGIA ATHLETIC ASSN. INC. et al.
17023.
Supreme Court of Georgia.
March 14, 1950.
Pierce Brothers, for plaintiffs.
Eugene Cook, Attorney-General, Howell C. Irwin Jr., Abit Nix, Hamilton Lokey, and G. Arthur Howell Jr., for defendants.
WYATT, Justice.
R. C. Westbrook and others filed suit in Clarke Superior Court against the University of Georgia Athletic Association, the Regents of the University of Georgia, and A. P. Webb, seeking to enjoin the operation of a laundry and dry-cleaning business. It was alleged that the plaintiffs were all in the laundry and dry-cleaning business *668 in Athens, Georgia; that the Regents of the University System of Georgia had previously operated a laundry and dry-cleaning business on the campus of the University of Georgia, but that now the business was being operated by virtue of a contract entered into between the Regents and the University of Georgia Athletic Association; and that A. P. Webb was actually operating the business for the Athletic Association. It was further alleged that the Athletic Association was a private commercial corporation, and used the trucks and other property of the State of Georgia. It was alleged that this operation violated Art. 7, Sec. 1, Par. 1; Art. 1, Sec. 1, Par. 23; Art. 7, Sec. 1, Par. 2; Art. 4, Sec. 4, Par. 1; Art. 3, Sec. 7, Par. 15; and Art. 1, Sec. 1, Par. 3 Code Ann., § 2-103) of the Constitution of Georgia. General demurrers filed by the defendants were sustained by the trial court and the petition was dismissed. The exception is to that judgment. Held:
1. Every contention here made, including all constitutional questions that have any application to the questions here raised in this case, were decided adversely to the contentions of the plaintiff in error, in Villyard v. Regents of University System of Georgia, 204 Ga. 517 (50 S. E. 2d, 313). It would serve no useful purpose to reiterate here what was said there, and to cite again the authorities to be found in the Villyard case. The only possible distinction between the instant case and the Villyard case is the contention here made, that the laundry in the instant case is not being operated by the Regents, but is being operated by the Athletic Association under a contract with the Regents; and that, since the Athletic Association is a private commercial corporation operated for profit, it is unlawful for this power to be delegated to a private corporation, and for a private corporation to use the State's property in conducting the business. A copy of the charter of the Athletic Association attached to the petition contains the following: "The said corporation will have no capital stock. The object of said corporation is not pecuniary gain by its members, but is to promote the physical and moral welfare of the student body." The Athletic Association is, therefore, not a private commercial corporation organized and operated for pecuniary gain. We do not say that a different result would be reached if it were a private corporation operated for pecuniary gain. We simply do not decide that question. Upon request to review, overrule, modify, and differentiate the case of Villyard v. Regents of the University System of Georgia, supra, the rulings made therein are adhered to, and the request is denied. It follows, there was no error in the judgment complained of.
Judgment affirmed. All the Justices concur.